**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XUAN LIU,** | |
| Plaintiff, | Civil Action No.: 2:26-cv-375 |
| v. | JURY TRIAL DEMANDED |
| **SCHEDULE A DEFENDANTS,** | |
| Defendants. | |

**PLAINTIFF'S MOTION TO SEAL DOCUMENTS**

This is an action for copyright infringement in which Xuan Liu ("Plaintiff") accuses the Schedule A Defendants, who are Individuals, Partnerships, and/or Unincorporated Associations identified on Schedule A to the Complaint ("Defendants"), of infringing Plaintiff's federally registered copyright VA 2-444-503 (the "Plaintiff's Copyright").

Defendants operates fully interactive e-commerce stores across three online marketplace platforms for the sole purpose of advertising, selling, and/or offering for sale goods utilizing derivative and/or infringing versions of Plaintiff's Copyrights ("Infringing Products"). Defendants appear to be foreign and using fictious aliases, who affirmatively chose to sell and offer to sell Infringing Products throughout the United States, including in the State of Pennsylvania and this Judicial District.

Plaintiff submits this application to this Court to seal Schedule A, Exhibits B.1-B.3, and Exhibit C to Plaintiff's Complaint. Good cause exists to seal these documents.

As a preliminary matter, Defendants appear to be operating as fictitious seller aliases on online marketplace platforms. It appears that no true, reliable address is provided for the seller aliases, and the listed information, if any, appears to conflict with other public records from Google

1

searches. Based on over a decade of Schedule A case law, seller aliases – like Defendants – regularly engage in WeChat groups or infringing and counterfeiting blogs, like https://sellerdefense.cn, to monitor infringement enforcement efforts by U.S. intellectual property holders. These groups and blogs regularly post intellectual property enforcement efforts in an attempt to warn seller aliases to remove their listing and/or drain their financial accounts.

As a result of these publications and monitoring by seller aliases, sealing these documents will prevent Defendants from simply closing their seller pages, store accounts, and/or draining their financial accounts in anticipation of litigation.

To continue, Schedule A, Exhibits B.1-B.3, and Exhibit C to Plaintiff's Complaint details Defendants by their seller aliases and provides other specific evidence of their corresponding identities at issue. If these particular documents are not sealed, the Defendants listed on Schedule A will be warned, and likely remove listings, change data, close accounts and open new ones under different aliases, and/or drain their financial accounts – preventing Plaintiff from taking proper action against the fictious, foreign aliases infringing an individual's U.S. copyright, in the U.S., and taking funds from U.S. consumers back to foreign jurisdictions.

A variety of Courts in this District, and others, have found the relief sought herein appropriate in similar cases, recognizing: the seller aliases at issue are under Defendants' complete control; Defendants' use of seller aliases allow Defendants to operate with a high degree of anonymity, evidencing their knowledge of wrongdoing and willfulness; Defendants have the ability to change or modify the infringing listing pages' content and data, including information like the Date First Available, images, titles, descriptions, and/or create new ASINs or webpages; Defendants attempt to and regularly do modify, delete, or change content and data upon notice of legal action; and Defendants have the ability to and regularly do transfer assets out of their seller

alias accounts to foreign jurisdictions – out of reach of Plaintiff and this Court – to avoid making any assets available for recovery. *See Jacki Easlick, LLC v. CJ Emerald*, No. 2:23-cv-02000-WSS, slip op. (W.D. Pa. Nov. 20,2023) (granting motion to seal); *See also Chen v. Adediy et al.*, No. 2:224-cv-01516, slip op. (W.D. Pa Nov. 27, 2024) (granting motion to seal); *See also LKRB INDUSTRIES, LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi et al.*, No. 2:24-cv-01601, slip op. (W.D. Pa Nov. 22, 2024) (granting motion to seal).

Given the nature of the online platform, which allows the overseas Defendants to operate anonymously and quickly, Plaintiff believes sealing these documents is necessary to prevent Defendants from simply closing their current accounts and opening new accounts under different names or even on different platforms, thereby frustrating the entire purpose of the law, Plaintiff's ability and attempts to protect its rights, and the powers of this Court.

Accordingly, Plaintiff respectfully requests that this Court allow Plaintiff to file its Schedule A, Exhibits B.1-B.3, and Exhibit C to Plaintiff's Complaint under seal.

A Proposed Order is being submitted concurrently.

DATED March 6, 2026

Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
E: Linda.lei@getechlaw.com
P: 312-888-6633

*ATTORNEY FOR PLAINTIFF*

3