**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XUAN LIU,<br><br>                              Plaintiff,<br><br>                              v.<br><br>SCHEDULE A DEFENDANTS,<br><br>                              Defendants. | Civil Action No.: 2:26-cv-375<br><br>Honorable Judge Christy Criswell Wiegand<br><br>JURY TRIAL DEMANDED |

**(1) TEMPORARY RESTRAINING ORDER, INCLUDING A TEMPORARY INJUNCTION; (2) ORDER RESTRAINING ASSETS; (3) ORDER FOR EXPEDITED DISCOVERY; and (4) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Plaintiff Xuan Liu ("PLAINTIFF") filed an *Ex Parte* Motion for a Temporary Restraining Order and Other Relief (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint ("Defendants") (Dkt. No. 9). After reviewing the Motion and the accompanying record, this Court GRANTS PLAINTIFF's Motion as follows.

**FACTUAL FINDINGS AND CONCLUSION OF LAW**

1.  PLAINTIFF is likely to prevail on its copyright claims at trial.

2.  PLAINTIFF is the author and owner of United States Copyright No. VA 2-444-503 (hereinafter "PLAINTIFF's Copyright").

3.  Defendants, through the fully interactive, purely commercial, Internet based e-commerce stores operating under the respective seller aliases set forth on Schedule A to the Complaint (Dkt. No. 9), have advertised, reproduced, promoted, offered for sale, and/or sold goods utilizing infringing and/or derivatives copies of PLAINTIFF's Copyright on at

1

least the products identified on Schedule A to the Complaint (Dkt. No. 9) ("Infringing Products"). Defendants have copied constituent elements of PLAINTIFF's Copyright that are original. Defendants are not licensed or otherwise authorized by PLAINTIFF to utilize PLAINTIFF's Copyright.

4. Through the e-commerce marketplace platforms, PLAINTIFF accessed all of Defendants' e-commerce stores operating under the seller aliases and captured the Defendants' listings at issue on the e-commerce stores. *See* Dkt. Nos. 10-12. At the conclusion of the process, the detailed webpages and photographs were inspected by PLAINTIFF's representative(s) and PLAINTIFF, who separately confirm that each Defendant appears to be offering for sale Infringing Products that infringe upon at least PLAINTIFF's Copyright, as detailed in Schedule A to the Complaint (Dkt. No. 9).

5. This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because PLAINTIFF has presented specific facts, including in the Declaration of Xuan Liu, in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to PLAINTIFF before the adverse parties can be heard in opposition. There is good cause to believe that the unauthorized and unlicensed use of PLAINTIFF's Copyright will continue in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of the products so advertised; and that PLAINTIFF is and may continue to suffer loss of sales, loss of creative content, loss of market share, loss of goodwill and reputation of PLAINTIFF's Copyright, loss of exclusivity, an inability to realize a return on investment, and loss of future profits for his genuine products and an unnatural erosion of the legitimate marketplace in which they operate.  There is also good cause to believe that if PLAINTIFF proceeds on notice to

2

Defendants of this Motion, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts and change or modify account data, thereby thwarting PLAINTIFF's ability to obtain meaningful relief.  As such, this Court finds that other traditional legal remedies are inadequate at this time. As other courts in this District and others have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

6. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to PLAINTIFF, and its and PLAINTIFF's Copyright's reputation and goodwill as a seller and source of quality products, if such relief is not issued.

7. The public interest favors issuance of the temporary restraining order in order to protect PLAINTIFF's interests and protect the public from being deceived and defrauded by the passing off of Defendants' goods as PLAINTIFF's genuine goods. The injury to the public is significant, and the injunctive relief herein is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions.

8. At this time, this Court finds, in the absence of adversarial presentation, that it has original subject matter jurisdiction over the claims in this action and that venue is proper.

9. At this time, this Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly and affirmatively target their business activities toward consumers in the United States, including Pennsylvania. Specifically, PLAINTIFF has provided a basis to conclude that each Defendant has targeted sales to Pennsylvania residents by setting up and operating an e-

commerce store, where Defendants advertise, display, offer to sell, and stand ready, willing and able to sell and ship Infringing Products to residents within the Western District of Pennsylvania. Defendants affirmatively offer to sell and ship Infringing Products to the United States, including Pennsylvania, and Defendants' sites are in English and accept USD, despite being from a foreign nation. Defendants' actions signal their intent to operate in, and purposeful direction at, the United States, including Pennsylvania. In this case, PLAINTIFF has presented screenshot evidence that each Defendant e-commerce store is affirmatively reaching out to do business with Pennsylvania residents by operating one or more purely commercial, interactive internet stores through which Pennsylvania residents can and likely do purchase and ship Infringing Products to Pennsylvania. *See* Dkt. Nos. [10-12], which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to sell and ship its Infringing Products to customers in Pennsylvania utilizing infringing and/or derivative versions of PLAINTIFF's Copyright.

10. Under Pennsylvania law and this Court's inherent authority, this Court may issue a prejudgment asset restraint where PLAINTIFF's Complaint seeks relief in equity, which it does. Therefore, this Court has the authority to grant PLAINTIFF's request for a prejudgment asset restraint to preserve the relief sought by PLAINTIFF and preserve the Defendants' ability to at least partially satisfy any judgment. The prejudgment asset restraint is also appropriate in this case because Defendants can and likely will move or otherwise transfer their financial assets to overseas accounts, depriving PLAINTIFF of final relief.

11. This Court finds good cause to grant limited, expedited discovery of Defendants. PLAINTIFF's Motion establishes that Defendants are seller aliases on online platforms,

and discovery will aid in identifying the identity of Defendants and any additional financial accounts used by the Defendants in order to restrain any assets therein, as granted herein. If Defendants are given notice of the Motion, they are likely to destroy, move, hide or otherwise make inaccessible to PLAINTIFF the records and documents relating to Defendants' illegal and infringing activities.

## ORDER

Based on the foregoing findings of fact and conclusions of law, PLAINTIFF's Motion is hereby GRANTED as follows (the "Order"):

## I.    Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

1)  using PLAINTIFF's Copyright or any reproductions, derivative copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with PLAINTIFF's Copyright;

2)  passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF's Copyright;

3) committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

4) manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which bear the PLAINTIFF's Copyright or any reproductions, derivative copies, or colorable imitations.

B. Upon PLAINTIFF's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., Walmart, Temu, PayPal, Stripe, AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any Infringing Product listing or advertisements used by or associated with Defendants in connection with the sale of infringing goods using the PLAINTIFF's Copyright, as delineated in Schedule A to the Complaint (Dkt. No. 9). The Third Party Providers shall not provide any notice to any Defendants prior to effectuation of this Order and relief herein.

C. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and

Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names, as delineated on Schedule A to the Complaint (Dkt. No. 9), and make them inactive and untransferable until further order by this Court.

## II.    Order Restraining Defendants' Assets

A.  IT IS HEREBY ORDERED, as sufficient cause has been shown, Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

B.  Any Third Party Providers, including Temu, Walmart, AliExpress, eBay, Fruugo, PayPal, Stripe, Alipay, Alibaba, Ant Financial, Wish.com, Amazon Pay, and other payment processors or platforms, shall, within seven (7) calendar days of receipt of this Order:

1)  locate all accounts and funds connected to Defendants' seller aliases and respective emails, including, but not limited to, any financial accounts connected to the information listed in Schedule A to the Complaint (Dkt. No. 9), and any e-mail addresses provided for Defendants by third parties; and

2)  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

## III.    Order for Limited, Expedited Discovery

A.  PLAINTIFF is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, which shall be due no later than fourteen (14) days after issuance, related to:

1)  the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation

7

with them, including all known contact information and all associated e-mail addresses;

2) the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' complete sales and listing history related to their respective Online Marketplaces; and

3) any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), eBay, Walmart, Alibaba Group Holding Ltd. ("Alibaba"), AliExpress, Fruugo, Stripe, Temu, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

B. Upon PLAINTIFF's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., Walmart, Temu, PayPal, Stripe, AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to PLAINTIFF expedited

discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

1) the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, specifically including all known contact information and all associated e-mail addresses;

2) the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

3) any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), eBay, Walmart, Alibaba Group Holding Ltd. ("Alibaba"), AliExpress, Fruugo, Stripe, Temu, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

IV.    **Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order**

A. Defendants, as delineated on Schedule A (Dkt. No. 9), are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of

Pennsylvania, the Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, 15219, IN PERSON in Courtroom 9B on the _____ day of _____, 2026, at _____, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.

B.  Opposing papers, if any, shall be filed electronically with the Court and served on PLAINTIFF's Counsel, by delivering copies thereof to the office of Getech Law LLC, 203 N LaSalle Street, Suite 2100, Chicago, IL 60601, before _____, 2026. PLAINTIFF shall file any Reply papers on or before _____, 2026.

C.  PLAINTIFF must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1). After PLAINTIFF's Counsel has received confirmation from all the Third Party Service Providers and Financial Institutions or otherwise, regarding the restraint of funds directed herein, PLAINTIFF shall serve copies of the Complaint, the Motion, this Order, and any Discovery on each Defendant via their corresponding email provided from the respective Third Party Providers, which are associated with the respective Internet based e-commerce stores operating under the respective Seller Aliases or by other means reasonably calculated to give notice which is permitted by the Court.  PLAINTIFF shall continue to provide notice of relevant filings which Parties should be apprised of in these proceedings, including any relevant motions filed PLAINTIFF and copies of the documents on file in this matter to Defendants by regularly providing email service as designated above or by other means reasonably calculated to give notice which is permitted by the Court.[1]

---

[1] Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *Pate v. Gov't of the Virgin Islands*,

D.  Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Local Rules. Any third party impacted by this Order may move for appropriate relief.

E.  Any motion to extend this Order and/or the Show Cause Hearing must be filed three days prior to expiration thereof.

## V.    Security Bond

IT IS FURTHER ORDERED that PLAINTIFF shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $194,000.00 Dollars (one hundred ninety four thousand dollars) with the Court, which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder. If security is cash, certified check, or attorney's check, the funds will be deposited into the Court's local Registry, where it will remain until further order by the Court.

SO ORDERED.

SIGNED this ____ day of _____, 2026, at _____.

Pittsburgh, Pennsylvania.

_____

UNITED STATES DISTRICT JUDGE

---

2015WL1937701 n.9 (VI Sup. Ct. April 17, 2015); *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978).

## SCHEDULE A

*See* Docket No. 9.