## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XUAN LIU, | |
| Plaintiff, | Civil Action No.: 2:26-cv-375 |
| v. | Honorable Judge Christy Criswell Wiegand |
| | JURY TRIAL DEMANDED |
| SCHEDULE A DEFENDANTS, | |
| Defendants. | |

### DECLARATION OF XUAN LIU

I, Xuan Liu, declare, and state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying. The following information regarding myself ("Plaintiff"), Plaintiff's Copyright, and sales information is accurate to the best of my knowledge. I make this declaration from my personal knowledge unless otherwise stated.

2. I am an individual residing in Maoming City, China.

3. I am an accomplished designer and visual artist who has formal academic training in design, which serves as the foundation of my professional practice. My expertise is evidenced by participation in curated art exhibitions and a proven record of commercial sales.

4. Leveraging my strong design background and practical industry experience, my creative practice focuses on the sophisticated fusion of functional design and aesthetic innovation.

1

I have a discerning eye for enhancing original artworks, decorative patterns, and derivative products to ensure they meet high standards of conceptual depth, visual quality, and market relevance. My work has been recognized through both public exhibitions and commercial success.

5. My mission is to provide high-quality artworks and derivative products that combine artistry with symbolism, offering both visual impact and emotional depth.

6. I am the author and respective owner of the United States Copyright Reg. No. VA 2-444-503 (hereinafter "Plaintiff's Copyright"). My copyright registration is valid, subsisting, and in full force and effect. Exhibit A to Plaintiff's Complaint contains a true and correct copy of the registration of Plaintiff's Copyright. Exhibit B.1 to Plaintiff's Complaint contains a true and correct copy of the applicable deposit for Plaintiff's Copyright.

7. I personally design each of my works, generally inspired by natural elements, religious symbols, and/or forms of life.

8. Plaintiff's Copyright includes my flagship collection, which was created in 2020.

9. I spent significant time and resources on advertising or otherwise promoting the Plaintiff's Copyright and products thereof.

10. Since 2020, I have devoted substantial time and effort to the creation, design, and commercialization of products incorporating Plaintiff's Copyright.

11. Since 2020, I have made significant financial investments in the development, protection, and promotion of Plaintiff's Copyright, including but not limited to creation-related expenses, professional equipment, copyright registration, and digital marketing efforts.

12. I continually allocate resources to update my creative portfolio and integrate customer feedback to maintain the relevance and quality of my offerings.

13. My target customers for products incorporating Plaintiff's Copyright include art collectors, home décor consumers, cultural product enthusiasts, and faith-based communities.

14. As discussed above, I have expended substantial time, money, and other resources in producing, advertising, and otherwise promoting Plaintiff's Copyright and products thereof. Over time, I have invested heavily in the Plaintiff's Copyright and respective products

15. Plaintiff's Copyright has gradually gained recognition for its distinctive elements, design, and features. As a result, Plaintiff's Copyright and the related products have come to be regarded by certain consumers as quality works originating from myself. Over time, Plaintiff's Copyright and the related products have attracted attention in the market, which appears to have led Defendants to imitate Plaintiff's Copyright.

16. My copyrighted works have gained a certain degree of commercial attention in specific categories and have received a measure of broader recognition, reflecting and reinforcing the goodwill and creative value embodied in my works.

17. Over the years, my business involving products embodying the Plaintiff's Copyright has experienced steady development and modest growth, indicating a certain degree of market recognition and ongoing brand cultivation.

18. I actively protect my intellectual property rights through online monitoring and infringement reporting. These measures aim to safeguard my reputation and associated goodwill of my works, including Plaintiff's Copyright.

19. I became aware of Defendants who also started to sell products, under or embodying the Plaintiff's Copyright. As such, I filed this action to combat these Seller Aliases listed on

3

Schedule A who are harming me by offering to sell, selling, advertising, and/or shipping unlicensed products utilizing the Plaintiff's Copyright.

20. Exhibits B.2-B.3 to the Complaint contains true and correct screen captures of Defendants' listing pages. I have reviewed Exhibits B.2-B.3 to the Complaint and am of the opinion that Defendants infringe Plaintiff's Copyright.

21. As a direct result of Defendants' infringement, I have suffered and continue to suffer significant economic losses, including but not limited to: (a) substantial lost revenue and profits from diverted sales due to Defendants' unauthorized, lower-priced competing products; (b) the destruction of valuable licensing opportunities; (c) substantial and ongoing damage to the reputation and goodwill associated with Plaintiff's Copyright; and (d) the incurrence of considerable costs in enforcing my intellectual property rights

22. The sales of my products embodying the Plaintiff's Copyright have dropped significantly and my market share has been illegally eroded. Defendants' infringing and/or derivative use has resulted in significant, direct financial loss.

23. I have not entered into a contract with or otherwise authorized Defendants to use Plaintiff's Copyright.

24. Defendants' infringing use has also resulted in significant irreparable harm.

25. Defendants' unauthorized use of the Plaintiff's Copyright damages my reputation and the reputation of Plaintiff's Copyright, as the infringing products negatively impact customers' perceptions of me, my works, and products thereof.

26. As described above, I have expended substantial time, money, and other resources in producing, advertising, and otherwise promoting the Plaintiff's Copyright and products

4

thereof. As a result of Defendants' infringing activities, I have not been able to fully realize a return on my investment.

27. Defendants are direct competitors with me, selling the same or similar products through the same or similar channels. As a result, I have and continue to lose market share to a direct competitors as a result of their infringement. This harm is irreparable and it remains unknown how much money and time is needed to reestablish the my reputation, and the reputation and goodwill of Plaintiff's Copyright – as well as marketplace visibility and rankings.

28. I have lost control over the rights in the Plaintiff's Copyright, lost my – and my works and products – reputation and associated goodwill, and ability to exploit the protected work.

29. This infringing behavior by Defendants severely impacts my copyright rights and undermines the fair competition environment in the market.

30. Monetary damages cannot adequately compensate me for ongoing infringement because monetary damages fail to address the damage to my control over Plaintiff's Copyright, my reputation, brand, products, and respective work - Plaintiff's Copyright, the associated goodwill of Plaintiff's Copyright, and the ability to exploit the protected work.

31. I am further irreparably harmed by the unauthorized making, using, offering for sale, selling, and/or importing of goods that utilize infringing and/or derivative copies of Plaintiff's Copyright because infringers take away my ability to control the nature and quality of the Infringing Products. This results in a loss of quality control over goods made, used, offered for sale, sold, or imported utilizing Plaintiff's Copyright, and in turn,

5

causes loss of control over my own and Plaintiff's Copyright reputation – both of which are neither calculable nor precisely compensable.

32. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on the 23rd day of March, 2026, in Maoming City, China.

Respectfully submitted,

XUAN LIU

6