IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOKA, LLC,

                  Plaintiff,

v.

MILESSTORE, et al.,

                  Defendants.

Civil Action No.

25-cv-593

(Judge Bissoon)

**FILED UNDER SEAL**

**SECOND DECLARATION OF STANLEY D. FERENCE III
IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, STANLEY D. FERENCE III, hereby declare as follows:

1.      I am an attorney with the law firm of Ference & Associates LLC ("the Ference Firm"), located at 409 Broad Street, Pittsburgh, Pennsylvania 15143 and represent Plaintiff in the above-referenced action.

2.      I make and submit this declaration in support of Plaintiff's *ex parte* application for the following:  1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the above-named Defendants, Third Party Service Providers, and Financial Institutions, in light of Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application").  This is the second declaration I am submitting in support of Plaintiff's *ex parte* application.  My previous declaration is docketed at ECF No. 9.

3.      Each defendant in this case is a seller on Amazon.com, Walmart.com, AliExpress.com, eBay.com, or Wish.com.  The available information on these online marketplaces identifies these sellers as being in China.

4.      In 2023, I represented client in a case where the Amazon accounts for a group of defendants contained an initial balance of $2,109,637.34 at the time of the filing of the complaint.  Within two weeks of notice to the defendants, the account balances had been reduced by over $220,000.  Subsequently, the amount restrained in the Amazon accounts for this group of defendants had been reduced by over $1.8M to $41,602.31.

5.      In negotiating with defendants in previous cases, the Ference Firm has been told by defendants that they will deplete the restrained funds rather than turn the funds over in a lawsuit.

6.      Chinese sellers share information and details about lawsuits brought by the Ference Firm with other sellers and provide one another with directions and instructions on counter-measures to evade account freezes and protect funds from potential judgments on a Chinese website – sellerdefense.cn.  To the best of my knowledge, every lawsuit filed by the Ference Firm has been mentioned on sellerdefense.cn.

7.      For example, on April 22, 2025, the Ference Firm filed *Daniel Smith v. Sangan Trading*, No. 25-cv-539 (W.D. Pa.) filed under seal and this Court issued a temporary restraining order the following day.  The case remains under seal as a hearing on a preliminary injunction has not yet been held.  Nonetheless, as soon as the defendants were served the case appeared on sellerdefense.cn.  A true and correct copy of the information about the *Daniel Smith* case on sellerdefense.cn is attached hereto as **Exhibit 1**.

8.      I have been in actions the Ference Firm has brought in which multiple defendants that have "stolen" the identity of another legitimate entity.  In such a situation, the defendant has opened an account on an online marketplace and provided a Seller ID and address, but the entity whose name and address are listed has no knowledge of account on the online marketplace and did not make the infringing sales.

9.      I am aware Amazon has partnered with various brands to bring lawsuits against counterfeiters in the Western District of Washington and other courts.  In a number of these cases, Amazon has sought leave to take early discovery because Amazon itself does not know the identity of the sellers on Amazon's online marketplace and cannot rely on the information listed on the defendant's Amazon storefront.

10.      It is not unusual for multiple stores on online marketplaces to be commonly controlled.  In conversations with defense counsel, I have been told that defense counsel's client controls 1000's of online storefronts, notwithstanding the information provided by the online marketplaces.

11.      As set forth in the *Declaration of Dee Odell*, Toka ordered a product from each defendant, and the defendant shipped the product to the Western District of Pennsylvania.  Each product bore a shipping label, and the return address on the shipping label did not match the addresses given in defendants' store information.

12.      Attached hereto as **Exhibit 2** is a true and copy of the *Declaration of Stephen M. Gaffigan in Support of Plaintiff's Ex Parte Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets* submitted in *Chanel, Inc. v. The Individuals, Business entities, and Unincorporated Associations Identified on Schedule "A,"* No. 25-CIV-21771-CIV in the Southern District of Florida.  Paragraph 4

- 3 -

addresses the basis for *ex parte* relief.  An *ex parte* temporary restraining order was issued on April 25, 2025.

13.     Attached hereto as **Exhibit 3** is a true and correct copy of the *Declaration of Justin R. Gaudio* submitted in *Merch Traffic, LLC v. the Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 25-cv-4556 in the Northern District of Illinois.  Paragraphs 5-12 address the basis for *ex parte* relief.  An *ex parte* temporary restraining order was issued on May 8, 2025.

14.     Attached hereto as **Exhibit 4** is a true and correct copy of the *Declaration of Jeffrey B. Sladkus* submitted in *Moncler S.p.A. v. 215kun Store*, No. 24-cv-5680 in the Northern District of Georgia.  Paragraphs 10-22 address the basis for *ex parte* relief.  An *ex parte* temporary restraining order was issued on May

15.     In *Shu v. Gand Di*, No. 24-cv-1643 (W.D. Pa. Apr. 11, 2025), this Court entered a preliminary injunction against certain Chinese defendants represented by attorney Adam Urbanczyk.   Urbanczyk is a very experienced attorney in this area of practice, representing both plaintiffs and defendants in infringement cases in this district and in others.  In one of the cases where he was representing the plaintiff, Attorney Urbanczyk submitted motion describing the ability of defendants to drain the accounts in their online stores to avoid collection of judgments.  He explained that, "[i]f defendants were to learn of these proceedings, … the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions." A true and correct copy of Attorney Urbanczyk's Motion for Leave to File Under Seal in *Copyright Rightsholder Identified in Exhibit 1 v. The Partnerships and Unicorporated Associations Identified on Schedule A*, No. 23-cv-4507, is attached hereto as **Exhibit 5**.

- 4 -

16.     Attached hereto as **Exhibit 6** is a true and correct copy of the *Declaration of Adam E. Urbanczuk* submitted in *Copyright Rightsholder Identified in Exhibit 1 v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 23-cv-4507. Paragraphs 7-9 address the basis for *ex parte* relief.  An *ex parte* temporary restraining order was issued on July 21, 2023.

17.     In an effort to determine the existence and legitimacy of each of the defendants, I or people assisting me have input the business name that each defendant listed on its online store into Google.  A true and correct copy of the screen shot of each search result is included in attached **Exhibit 7**. The vast majority of the searches of the Defendants by their listed names returned a result suggesting there is no legitimate business operated under that name.  For example, a search of GUANGzhou BAIcong zhongBIAO YOUXIANgongsi, the business name listed on the store of one of the defendants, indicates that the phrase refers to an international airport serving Guangzhou, Guangdong, China, and not a business.  A very small number of the searches suggested the possibility of a business by that name, but it was not possible to confirm that the business operating the online storefront was the same as the business identified in the Google search.

18.     In further effort to determine the existence and legitimacy of each of the defendants, I or people assisting me have input each available listed address for the defendants into Google Maps and Baidue.com (a Chinese mapping application similar to Google Maps). This was not done for the defendants who are sellers on eBay as eBay only provides a seller's country, and not a seller's address.  A true and correct copy of the screen shot of each search result is included in attached **Exhibit 7**.  The vast majority of the addresses listed by the defendants did not return a result consistent with the defendant operating a business at that

address.  For example, for Defendant No. 2 (Aylsym), both Google Maps and Baidu.com returned a general area in China rather than an actual business address.

19.     I or people assisting me have attempted to check the names of the defendant sellers against Chinese government records to determine the existence and legitimacy of each of the Defendants.  Chinese government records are maintained in Chinese characters, and the business names of the Defendants available on the online marketplaces are not in Chinese, rendering it impracticable to verify the existence, or lack of existence, of a business operating under the names used by the Defendants, much less verify that the business registered by the Chinese government is the same as the business listed on the online marketplace.

20.     The *Declaration of Dee Odell* [ECF No. 12] included information on each defendant and the orders placed by Toka.  Toka placed an order from Defendant 39 on March 18, 2025.  At the time the order was placed, the displayed seller name was shenzhenshihaoshengyidianzishangwuyouxianzerengongsi.  Toka placed an order from Defendant 40 on April 24, 2025.  At the time the order was placed, the displayed seller name was shihaoshengyi.  Yet, both of these defendants have the same Seller ID (A3ON4QRW60DJSW).

21.     Similarly, Toka placed an order from Defendant 12 on March 19, 2025.  At the time Toka placed this order, the displayed seller name was fulia-us.  Toka placed an order from Defendant 23 on March 24, 2025.  At the time this order was placed, the displayed seller name was keicpoy.  Yet, both of these defendants have the same Seller ID (A2Q3747VBVHW2S).  Furthermore, the currently displayed seller name for this Seller ID is a third name – keicpoy-US.  A true and correct copy of detailed seller information from the current seller profile for Seller ID 2Q3747VBVHW2S is attached as **Exhibit 8**.

22.     Online marketplaces make it extremely easy for sellers to change, enter or modify their identifying information.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Pittsburgh, Pennsylvania
May 14, 2025

/Stanley D. Ference III/
Stanley D. Ference III