# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNIVERSAL CITY STUDIOS LLC,

        Plaintiff,

v.

DPDC EXPRESSHUB,

        Defendant.

Case No. 25-cv-07492

**Hon. Steven C. Seeger**

## Declaration of Justin R. Gaudio

**DECLARATION OF JUSTIN R. GAUDIO**

I, Justin R. Gaudio, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Universal City Studios LLC. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Offshore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my over ten years of experience in anti-counterfeiting investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. In most instances, offshore e-commerce store operators like Defendant must provide an e-mail address and physical address to third-party online marketplace platforms such as PayPal and Temu when registering their account. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. As such, even

if a physical address is available, it is not a reliable or the best means for providing notice to Defendant.

4. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China and Vietnam are signatories[1]. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known."[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of July 2025 in Chicago, Illinois.

/s/ Justin R. Gaudio
Justin R. Gaudio
*Counsel for Plaintiff Universal City Studios LLC*

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, 1969 U.S.T. LEXIS 152, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf. A list of signatories and contracting parties is available at Hague Conference on Private International Law, Status Table (last visited Nov. 21, 2024), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17#nonmem#nonmem.

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 1969 U.S.T. LEXIS 152, at *16.