**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XUAN LIU,** | |
| Plaintiff, | Civil Action No.: 2:26-cv-375 |
| v. | Honorable Judge Christy Criswell Wiegand |
| | JURY TRIAL DEMANDED |
| **SCHEDULE A DEFENDANTS,** | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff Xuan Liu ("Plaintiff") respectfully requests this Court to enter an order authorizing service of the Complaint, the Summons, and other relevant documents by alternative means, by electronically publishing a link to the said documents, or by sending to the e-mail addresses provided for Defendants by third parties that includes the said documents. Plaintiff submits that providing notice via electronic publication or e-mail, along with any notice that Defendants receive from third parties, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Seller aliases – like Defendants – do not generally provide any reliable means by which they may be identified or contacted. *See* Declaration of Ge (Linda) Lei, ¶ 12, attached to Plaintiff's Memorandum in Support of Temporary Restraining Order and Other Relief. Upon information and belief, Defendants are an organized group of infringers operating out of the nation of China. *See generally* Exhibit C to Plaintiff's Complaint. Upon information and belief, Defendants have utilized Amazon.com and other marketplace platforms through a desire to remain anonymous to

1

evade Plaintiff's attempts to police their intellectual property rights and the authority of this Court. *See Id*. at ¶ 13. Based on Schedule A case law and personal experience, the email addresses linked to the aliases appears to be one of the only – if not the only – accurate contact information provided by the creator of the aliases. *See* Declaration of Ge (Linda) Lei, ¶ 16. In general, the email address must be accurate for the aliases to continue operation and link to their financial account on the platform, and as a result, must be maintained and monitored by the registrants of these aliases. *Id*. As a result, alternative service via email is the means most reasonably calculated to provide notice or communicate to Defendants.

Rule 4(f) provides that serving an individual in a foreign state may be accomplished under three means. Either by "any internationally agreed means of service that is reasonable calculated to give notice, such as those authorized by the Hague Convention on the Service of Process Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Or, "if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). Or, "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Importantly, Article 1 of the Hague explicitly states that "[t]his convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, 20 UST 361, TIAS 6638, 658 UNTS 163. As a preliminary matter, as seen in Schedule A, there is no identifiable "person" to even be served – rather, the Defendants are seller aliases on online platforms. Moreover, Plaintiff believes, and has provided evidence that, the listed Defendants have used the online marketplaces in an intentionally anonymous fashion to evade enforcement efforts by trademark, patent, and copyright holders. As seen in Schedule A, there appears to be no real entity or individual – just fictious seller aliases.

Plaintiff has exercised diligence in researching available information (if any) provided on Defendants' seller pages. Exhibit C to Plaintiff's Complaint provides research into Defendant seller alias that are available.  As seen in Exhibit C to Plaintiff's Complaint, the seller aliases names, purported Business Names, and/or purported Business Addresses are detailed. Further, as seen in Exhibit C to Plaintiff's Complaint, Plaintiff has provided Google Maps screenshots of searches for each and every Business Address available. Unsurprisingly, there does not appear to be a single business address that returns a location matching the seller alias name or purported business name, respectively. Accordingly, the results suggest the business addresses are fictitious in nature, paralleling their use of fictious seller aliases; and as a result, the actual addresses of the persons to be served are not known.

In many instances, Defendants' Business Addresses are in China and return multiple results on a Google Maps search (many of which are just general regions, government buildings, other recognizable business locations (i.e. hotels), or not even a specific location at all), none of which match Defendants' purported Business Name or seller alias name, respectively. *See* Exhibit C to Plaintiff's Complaint pp. 1, 5, 11, 23, 25, 27, 29, 31, 33, 37, 41, 43, 47, 51, 55, 57, 61, 63, 65, 69, 71, 73, 75, 79, 81, 83, 85, 87, 89, 91, 93, 99, 103, 105, 107, 111, 113, 115, 119, 121, 125, 139, 141, 147, 157, 159, 163, 165, 173, 175, 181, 189, 191, 193, 211, 2213, 215, 219, 225, 227, 233, 235, 237, 239, 243, 245, 247, 249, 255, 263, 265, 267, 269, 273, 275, 279, 281, 283, 285, 287, 291, 293, 295, 297, 301, 305, 313, 315, 321, 323, 325, 339, 341, 343, 351, 355, 365, 367, 369, 373, 381, 383, 385.

In other instances, Defendants' Business Addresses are in China and return a single result on a Google Maps search (many of which are just general regions, government buildings, other recognizable business locations (i.e. hotels), or not even a specific location at all); however, none

match Defendants' purported Business Name or seller alias, respectively. *See* Exhibit C to Plaintiff's Complaint pp. 3, 7, 9, 13, 15, 17, 19, 21, 35, 39, 45, 49, 53, 59, 67, 77, 95, 97, 101, 109, 117, 123, 127, 129, 131, 133, 135, 137, 143, 145, 149, 151, 153, 155, 161, 167, 177, 179, 187, 195, 197, 199, 201, 203, 207, 221, 223, 229, 231, 241, 251, 253, 257, 261, 271, 277, 289, 309, 311, 317, 319, 327, 329, 331, 333, 335, 337, 345, 347, 349, 353, 359, 363, 377, 379, 387.

Finally, in other instances, no address is provided, only the country is provided, or merchant pages were removed before research/collection was made regarding address. *See* Exhibit C to Plaintiff's Complaint pp. 169, 171, 183, 185, 205, 209, 217, 259, 299, 303, 307, 357, 361, 371, 375.

Based on the foregoing, Plaintiff submits that the actual addresses of the persons to be served are not known. Therefore, Plaintiff respectfully submits that the Hague Convention does not bar the relief requested herein because Defendants' actual physical addresses are unknown and cannot be ascertained with reasonable diligence.

In fact, courts in this circuit and numerous other circuits have upheld service by email in circumstances similar to this. *See JACKI EASLICK, LLC et al v. CJ EMERALD et al.* No. 2:23-cv-02000, ECF No. 16 (W. D. Pa. Nov. 20, 2023) (granting alterative service against anonymous online marketplace aliases); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by e-mail and facsimile, and noting that because the "Hague Convention does not prohibit service by e-mail or facsimile, such means may be authorized under Rule 4(f)(3)."); *see also Philip Morris USA v. Veles Ltd.*, 2007

U.S. Dist. LEXIS 19780, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by e-mail in trademark action where on-line stores did not post any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications"). Furthermore, there is no requirement that Plaintiff attempts service by any other means before seeking alternative service under Fed. R. Civ. P. 4(f)(3). *See Flava Works, Inc. v. Doe*, No. 12 C 5844, 2013 U.S. Dist. LEXIS 57588, at *17-18 (N.D. Ill. Apr. 19, 2013); *see also issue Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017); *Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010); and *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-cv-564, 2013 U.S. Dist. LEXIS 200012, at *7 (S.D. Ohio Aug. 21, 2013). Plaintiff must simply "make a showing as to why alternative service should be authorized." *Id*. at 18. Here, as shown above, alternative service should be authorized because there is no other reliable means available for Plaintiff to effect service.

For the foregoing reasons, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail or electronic publication. In accordance with this request, a proposed order is submitted concurrently.

DATED April 1, 2026

Respectfully submitted,

/s/ Ge (Linda) Lei_____
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
Linda.lei@getechlaw.com
312-888-6633

*ATTORNEY FOR PLAINTIFF*

5