**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **XUAN LIU,** | |
| Plaintiff, | Civil Action No.: 2:26-cv-375 |
| v. | Honorable Judge Christy Criswell Wiegand |
| | JURY TRIAL DEMANDED |
| **SCHEDULE A DEFENDANTS,** | |
| Defendants. | |

**DEFAULT JUDGMENT ORDER AND PERMANENT INJUNCTION**

This action having been commenced by Plaintiff Xuan Liu ("PLAINTIFF") against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint ("Defendants") (Dkt. No. 9), and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A to the Complaint (the "Defendant Internet Stores"), and PLAINTIFF having moved for a Default Judgment Order and Permanent Injunction against the defendants identified on Schedule A, attached hereto, who have defaulted and not yet been dismissed from this case (collectively, "Defaulting Defendants");

PLAINTIFF having properly completed service of process on Defaulting Defendants on April 20, 2026 (Dkt. No. 32), pursuant to this Court's Order Granting Alternative Service (Dkt. No. 19), by providing notice via electronic publication and/or e-mail to the e-mail addresses identified through third-party online commerce platform discovery associated with each Defaulting Defendant's respective seller alias, such e-mail addresses being the only reliable means of contact available given Defaulting Defendants' deliberate concealment of their true identities and physical addresses; the Court having found, based on Plaintiff's investigation and the record before it, that Defaulting Defendants' purported business addresses were fictitious in nature —

searches of such addresses appearing to return no results matching Defaulting Defendant's seller alias or purported business name, respectively — such that the actual addresses of the persons to be served were unknown and could not be ascertained with reasonable diligence; the Court further finding that because Defaulting Defendants' actual physical addresses were unknown, the Hague Convention is inapplicable by its own terms, and that the authorized method of service is not otherwise prohibited by any international agreement; the Court having previously found, and hereby reaffirming, that service by electronic publication and/or e-mail was reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of this action and to afford them a meaningful opportunity to answer and present their objections, consistent with the constitutional requirements of due process; and the Court therefore finding that service was constitutionally sufficient and fully satisfies the requirements of Federal Rule of Civil Procedure 4(f)(3);

Defaulting Defendants not having answered or otherwise appeared in this action, and the time for answering having expired; the allegations of the Complaint accordingly being uncontroverted and deemed admitted for purposes of this proceeding;

This Court having considered PLAINTIFF's Motion for Default Judgment and Permanent Injunction, the Certificates of Service, the Entry of Default by the Clerk of the Court, and all other pleadings and papers on file in this action;

Accordingly, PLAINTIFF's Motion for Default Judgment Order and Permanent Injunction is GRANTED, and this Default Judgment Order and Permanent Injunction is entered against Defaulting Defendants.

## I. LIABILITY AND DAMAGES

A. The Court finds that it has personal jurisdiction over each and every Defaulting

Defendant on two independent and alternative grounds, either of which is independently sufficient. First, specific personal jurisdiction exists because the record, including sworn declarations and screenshot evidence (Dkt. Nos. 10–13, 16), together with the uncontroverted and admitted allegations of the Complaint, establishes that Defaulting Defendants are foreign-based operators of fully interactive, commercial e-commerce stores who have purposefully directed their infringing business activities at the United States, including this District. Specifically, each Defaulting Defendant, without compulsion, affirmatively chose to configure its online store to: (i) conduct business in the English language; (ii) transact in United States dollars; (iii) list, advertise, and offer for sale products bearing infringing or derivative copies of PLAINTIFF's federally registered copyright VA 2-444-503 (the "PLAINTIFF Copyright") to United States consumers, including Pennsylvania consumers; (iv) hold itself out as ready, willing, and able to ship such products to purchasers in the United States, including Pennsylvania; and (v) operate a fully interactive commercial storefront — not a passive website — through which United States consumers, including Pennsylvania residents, could complete purchases of infringing goods. The Court finds that this deliberate configuration constitutes purposeful direction at this forum, that the claims in this action arise directly out of and relate to Defaulting Defendants' forum-directed activities of advertising, offering for sale, selling, and/or shipping infringing products to consumers in this District, and that Defaulting Defendants — having voluntarily structured their entire commercial operation to reach and transact with U.S. consumers, including Pennsylvania consumers — cannot now claim surprise at being haled into a United States federal court. Second, and

independently, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2) because this action arises under federal law, Defaulting Defendants are foreign entities who do not appear to be subject to the general personal jurisdiction of any single state's courts, and Defaulting Defendants have deliberately directed their commercial activities at the United States as a whole, purposefully availing themselves of the privilege of conducting business in the United States market. The exercise of personal jurisdiction over each Defaulting Defendant on both grounds is consistent with due process and with traditional notions of fair play and substantial justice.

B. The Court further finds that Defaulting Defendants are liable for willful copyright infringement. The record establishes, and the uncontroverted and admitted allegations of the Complaint confirm, that Defaulting Defendants reproduced, distributed, offered for sale, and/or sold products bearing substantially similar, if not identical, copies of the PLAINTIFF Copyright, without authorization. Defaulting Defendants' anonymity and deliberate concealment of their identities further support an inference of willfulness.

C. Pursuant to 17 U.S.C. § 504, PLAINTIFF is awarded statutory damages from each Defaulting Defendant in the amount of $45,000.00 for willful copyright infringement of the PLAINTIFF Copyright in connection with products offered for sale and/or sold through the Defendant Internet Stores.

D. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Stripe, Alipay, Walmart, Alibaba, eBay, Fruugo, AliExpress, Wish.com, Temu, Ant Financial Services Group ("Ant Financial"), and Amazon.com / Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and

enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph C above) or other of Defaulting Defendants' assets.

E. All monies (up to the amount of statutory damages awarded in Paragraph C above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Stripe, eBay, Fruugo, Temu, Walmart, Alipay, Alibaba, AliExpress, Wish.com, Ant Financial, and Amazon.com / Amazon Pay, are hereby released to PLAINTIFF as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Stripe, eBay, Fruugo, AliExpress, Temu, Alipay, Walmart, Alibaba, Wish.com, Ant Financial, and Amazon.com / Amazon Pay, are ordered to release to PLAINTIFF the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

F. Until PLAINTIFF has recovered full payment of monies owed to it by Defaulting Defendants, PLAINTIFF shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

G. In the event that PLAINTIFF identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, PLAINTIFF may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at any e-mail addresses provided for Defaulting Defendants by third parties.

## II. PERMANENT INJUNCTION

H. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the PLAINTIFF Copyright or any reproductions, infringing or derivative copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product, including any product that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Copyright;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PLAINTIFF product or any other product produced by PLAINTIFF, that is not PLAINTIFF's or not produced under the authorization, control, or supervision of PLAINTIFF and approved by PLAINTIFF for sale under the PLAINTIFF Copyright;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of PLAINTIFF, or are sponsored by, approved by, or otherwise connected with PLAINTIFF; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which bear the PLAINTIFF Copyright, or any reproductions, infringing or derivative copies, or colorable imitations.

I. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy

Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at PLAINTIFF's choosing:

a. transfer the Defendant Domain Names to PLAINTIFF's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of PLAINTIFF's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of PLAINTIFF's selection; or

b. disable the Defendant Domain Names and make them inactive and untransferable.

J. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Stripe, Fruugo, Temu, PayPal, Walmart, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the PLAINTIFF Copyright; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PLAINTIFF Copyright or any reproductions, infringing copies or colorable

imitations thereof that is not a genuine PLAINTIFF product or not authorized by PLAINTIFF to be sold in connection with the PLAINTIFF Copyright.

K. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph J, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the PLAINTIFF Copyright.

**III. BOND**

L. This Court orders that the one hundred ninety four thousand dollar ($194,000.00) cash bond posted by PLAINTIFF, plus accrued interest, is hereby released to PLAINTIFF's Counsel, Getech Law LLC, at 203 N LaSalle St., Suite 2100, Chicago, IL 60601. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court, plus accrued interest, to PLAINTIFF's Counsel.

SO ORDERED.

SIGNED this ____ day of _______________, 2026, at ______________.
Pittsburgh, Pennsylvania.

___________________________________
UNITED STATES DISTRICT JUDGE

**Schedule A – Defaulting Defendants**

| No. | Defendant / Seller Alias | Seller ID | Platform |
|---|---|---|---|
| 22 | 贫铭商贸 | A1AD5WTAD2QJP5 | amazon |
| 23 | ZhiyuanDragonZhou | A3MLHOBVWMJBIK | amazon |
| 24 | YULANCAR | AB7UB4PYHQGJ1 | amazon |
| 25 | pingdingshanshixinyadianzixinxijishuyouxiangongsi | A1MWJ35NSUGUQZ | amazon |
| 26 | guangdonglianshengxinxi | A3RCPVI8WYDWFC | amazon |
| 27 | chenzhoushibeihuqumanying | A22K60KID1SNEG | amazon |
| 28 | CAIXUE (Delivery 7 - 10 Days) | AJZF1ZU6BXK0B | amazon |
| 30 | harteua | A3SSWL75TLB0QD | amazon |
| 32 | linyixianhongyuyangzhiyouxianzerengongsi | ANY06Q7TB6D96 | amazon |
| 34 | PaiPai | AO0SXMTJMQAM6 | amazon |
| 37 | JuansVerse | ALCXD5ELQI73U | amazon |
| 38 | neihuangxianlongfajinshuyouxiangongsi | A1C8W86HEPZIVV | amazon |
| 40 | ganzhoushiganxianquchenghuangshengtainongchangzhongxin | A30MPW5550L96G | amazon |
| 43 | ZhouKouShiXingXingShangMaoYouXianGongSi | A18VDQCEE3BSWC | amazon |
| 45 | hearoM | A1XD6YUOZB2V3T | amazon |
| 51 | soceny | 102884769 | Walmart |
| 58 | tumudianzi | 102893611 | Walmart |
| 63 | Tian Yu | 102968139 | Walmart |
| 65 | Trend Terrace | 101611968 | Walmart |
| 67 | Everpine Trading | 102904289 | Walmart |
| 70 | Tranquil Guild | 101668829 | Walmart |
| 71 | Angel's Bazaar | 101674097 | Walmart |
| 72 | GHOXIA | 102817113 | Walmart |
| 73 | NDFUHEHFS | 102758499 | Walmart |
| 74 | Damalu E Commerce | 102723218 | Walmart |
| 75 | ZH family | 634418227546699 | temu |
| 76 | UniversalChoices | 634418222757419 | temu |
| 78 | Timebeat | 634418216914011 | temu |
| 80 | Nebula Nook Blankets | 634418224706233 | temu |
| 81 | Lucky Mart Bei Hai | 634418224819183 | temu |
| 82 | Keep Warm Yourself | 634418221518128 | temu |
| 83 | JYGYL | 634418224708626 | temu |
| 85 | whx home decor | 634418226640182 | temu |
| 88 | Victory Mall | 634418220257837 | temu |
| 90 | Rev Max WishShape | 634418222331299 | temu |
| 91 | JQHQ Local | 634418219932285 | temu |
| 96 | HHSSWW | 634418226527027 | temu |
| 105 | tmzyyi | 634418224343710 | temu |
| 106 | umteppqqqrr | 634418225356158 | temu |
| 107 | DJshjkdsnd | 634418222803955 | temu |
| 108 | yuanshengmaoye | 634418223691284 | temu |

| | | | |
|---|---|---|---|
| 109 | Spire one | 634418227568419 | temu |
| 110 | Yangqiaowug | 634418222076963 | temu |
| 111 | EleGant Grace | 634418225228026 | temu |
| 112 | Flora Max WishShape | 634418222325542 | temu |
| 114 | DB chen | 634418219956189 | temu |
| 115 | S L AFDFHKLJN | 634418223840513 | temu |
| 118 | Dbili | 634418219206338 | temu |
| 123 | Kgmhxko | 634418218515606 | temu |
| 124 | Zhend Fashion Apparel Five | 634418227470171 | temu |
| 126 | Global customization | 634418222352932 | temu |
| 127 | Curvy Chic Boutique | 634418212079217 | temu |
| 129 | Glam Dash | 634418220188377 | temu |
| 130 | Thee Cloud | 634418218592842 | temu |
| 134 | EleganWomens wear | 634418221992810 | temu |
| 137 | ValueMat | 634418226107619 | temu |
| 139 | Daxiong art chetie | 634418217415367 | temu |
| 140 | Keep Sprinting | 634418222959190 | temu |
| 141 | Iefypzl | 634418218103964 | temu |
| 142 | Household Products Factory | 71113742713 | temu |
| 143 | Cloud HomeTextiles | 634418226277597 | temu |
| 144 | My Outfit Fits | 634418226211493 | temu |
| 146 | JoyGlideArt | 634418224475243 | temu |
| 150 | SUMMERQ | 634418225617549 | temu |
| 152 | Qianjin Home Visit | 634418213806926 | temu |
| 153 | Love Yi Yi Clothing | 634418220055806 | temu |
| 154 | Mingbo Home Textile | 634418215278157 | temu |
| 155 | FlowerLetter | 634418225234297 | temu |
| 157 | Funny DIY Stickers | 634418223837361 | temu |
| 158 | Nap Blanket | 634418216233927 | temu |
| 161 | Ngqssro | 634418218305251 | temu |
| 163 | Yachiki Womens Wear | 634418225893735 | temu |
| 164 | S Y FSDGFSG | 634418223434333 | temu |
| 166 | kaixinfupei | 634418223342509 | temu |
| 167 | ART Palace | 634418213340116 | temu |
| 168 | Enjoy Your Blanket | 634418226677673 | temu |
| 170 | InkSty | 634418216522415 | temu |
| 171 | KARAC | 634418211895334 | temu |
| 172 | Zuimeng outdoor | 634418218384198 | temu |
| 179 | WakeupJenny | 634418228236537 | temu |
| 181 | WJ Home decor | 634418222698129 | temu |
| 183 | QUANHANONE | 634418220248918 | temu |
| 184 | PlushParadise | 634418211073514 | temu |
| 185 | Mingxin Z | 634418220121888 | temu |
| 186 | HJT Home A | 634418225678812 | temu |
| 188 | yunyundedian | 634418225431720 | temu |

| | | | |
|---|---|---|---|
| 191 | QIyuansheng | 634418224391901 | temu |
| 192 | Modishu | 634418222185900 | temu |
| 193 | XUYUFUSHI | 4685081156167 | temu |
| 194 | CGS Clothing | 634418226642428 | temu |